# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

MICHAEL ANDERSON,

        Plaintiff,

-vs-                                      Case No. 2:10-cv-111-FtM-36SPC

CITY OF NAPLES; NAPLES POLICE
DEPARTMENT; RALPH ANTHONY,

        Defendants.

_____

## ORDER

This matter comes before the Court on the Plaintiff Michael Anderson's Motion for Leave to Proceed *In Forma Pauperis* (Doc. #2) filed on March 17, 2010.

### *Procedural History*

On February 19, 2010, Plaintiff filed an Affidavit of Indigency (Doc. #2) indicating his financial status qualifies this case to proceed without the prepayment of fees. On February 25, 2010, the Court denied Plaintiff's request indicating the Complaint in its form did not meet the requirements of Fed. R. Civ. P. 8(a)(2), and directed him to file an Amended Complaint that complied with the Federal Rules of Civil Procedure. Plaintiff timely filed the Amended Complaint (Doc. #8) on March 17, 2010. Thus, the Motion to Proceed In Forma Pauperis (Doc. #2) is ripe for review.

### *Discussion*

The Plaintiff seeks to proceed IFP under 28 U.S.C. §1915 which states in pertinent part, "any Court of the United States may authorize the commencement...of any suit, action or

proceeding....without prepayment of fees and costs..., by a person who makes affidavit that he/she is unable to pay such costs..." Further, under §1915, it is within the Court's discretion to dismiss an action if the action is deemed "frivolous or malicious"; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. A complaint is deemed frivolous if the Court finds that is lacks arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

In accordance with 28 U.S.C. §1915, the Court will first examine the Plaintiff's Complaint, in its entirety, to determine whether an action should proceed based on the validity of the claim. The Court considers that the Plaintiff is proceeding *pro se* and therefore, reviews the Complaint (Doc. #1) with a less stringent standard than those complaints written by attorneys. Trawinski vs. United Technologies, 313 F.3d 1295 (11th Cir. 2002). The Plaintiff's Affidavit reveals that he has insufficient resources to conduct the litigation, but the Court must now review the Amended Complaint to determine if it meets the requirements of Fed. R. Civ. P 8(a)(2), as outlined in the Court's previous Order. See Order Doc. #5.

Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). This requirement ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561- 563, S. Ct. 127 S. Ct. 1955, 167 L. Ed 2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). To meet this standard, the plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Twombly, 128 S.Ct. at 1965 (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). Rule 10 requires that:

> [a] party must state its claims or defenses in numbered paragraphs, each
> limited as far as practicable to a single set of circumstances. A later pleading
> may refer by number to a paragraph in an earlier pleading. If doing so would
> promote clarity,  each claim founded upon a separate transaction or
> occurrence– and each defense other than a denial– must be stated in and
> separate count or defense.

Fed. R. Civ. P. 10(b).

Here, Plaintiff appears to have met the threshold required in the Federal Rules.   Taking the Complaint in accordance with <u>Trawinski</u>, it appears Plaintiff has alleged which acts were committed by each Defendant and how each act entitles him to relief.  Further, Plaintiff has  provided support in the statement of facts for the claimed violations for the Defendants so that a proper defense can be framed.

With regard to the Plaintiff's Affidavit of Indigency (Doc. #2), the Plaintiff has provided a brief account of his financial status.  The Plaintiff notes his primary source of income is received from disability,  he is responsible for the care and welfare of 4 dependents, and pays a monthly rent for his residence.  After review, the Court concludes that there is sufficient information regarding his financial status to demonstrate economic justification for *in forma pauperis* status.   Having found the Plaintiff's Affidavit demonstrates insufficient resources and the Amended Complaint having complied with the Federal Rules, the Court finds the Plaintiff meets the requirements to proceed *in forma pauperis*.

Therefore, it is now

**ORDERED**:

(1)     The Plaintiff Michael Anderson's Motion for Leave to Proceed In Forma Pauperis (Doc. #2) is **GRANTED**.

(2)   The Clerk is directed to file all pleadings in this cause without prepayment of costs, and the United States Marshal, upon receipt of appropriate instructions in proper form from the Plaintiff, is directed to effect service of process without prepayment of costs or fees.

(3)   The Clerk is directed to provide Plaintiff with U.S. Marshal Forms 285.  Plaintiff shall have **TWENTY (20) DAYS** from the date of this Order to prepare and forward the completed U.S. Marshal Form 285 to the Court for service by the United States Marshal

**DONE AND ORDERED** at Fort Myers, Florida, this   26th    day of March, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record