## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

MICHAEL ANDERSON,

                Plaintiff,

-vs-                                        Case No.  2:10-cv-111-FtM-36SPC

CITY OF NAPLES; NAPLES POLICE
DEPARTMENT; RALPH ANTHONY,

                Defendants.

_____

## ORDER

      This matter comes before the Court on Plaintiff's Motion to Strike (Doc. #28) filed on October 15, 2010, Defendants' Motion for Leave to Amend Response to Motion for Summary Judgment (Doc. #30) filed on October 19, 2010, and Defendants' Response to Order to Show Cause (Doc. #32) filed on October 19, 2010.   Defendants move this Court to allow them to file an Amended Response to Plaintiff's Motion for Summary Judgment and Cross Motion for Summary Judgment due to several scriveners errors.   Right after Defendants moved for leave to amend, they filed their amended response and cross motion for summary judgment (Doc. #31).   This was improper.   Leave of Court was not granted to do so.   Also, defense counsel did not include a Local Rule 3.01(g) certification that he attempted in good faith to confer with Plaintiff prior to the filing of the motion to amend in an effort to resolve the issue without filing a motion.   A Local Rule 3.01(g) certification is required on every motion.   Thus, the motion for leave to file an amended response is due to be denied without prejudice and the amended response and cross motion for summary judgment is due to be striken.

On October 19, 2010, this Court issued an order to show cause, directing Defendant to show cause why their response to Plaintiff's motion for summary judgment and cross motion for summary judgment should not be striken as untimely.  Defendants filed a response the same day, informing the Court that there was a problem with the firm's docketing system for scheduling court deadlines. For good cause shown, and because the response was only one day late, the Court will accept the response and cross motion as timely and deny Plaintiff's motion to strike.  However, It would have been proper for Defendant to file their response to Plaintiff's motion for summary judgment and their cross motion for summary judgment as separate pleadings.  Thus, the Court directs Defendants to refile their response and cross motion as separate pleadings.  The Court - at this point - is not granting Defendants leave to amend the substance of their response or cross motion.  Rather, Defendants are only directed to file two separate pleadings.

Likewise, it would have been proper for Plaintiff to file his motion to strike and his response to Defendants' cross motion for summary judgment as two separate pleadings.  Thus, the Court directs Plaintiff to resubmit his response to Defendants' cross motion for summary judgment (after it has been re-filed properly)  in one stand-alone pleading that does not include his motion to strike.

Accordingly, it is now

**ORDERED:**

(1)     Plaintiff's Motion to Strike (Doc. #28) is **DENIED**.  The Court deems Defendants' Response to Plaintiff's Motion for Summary Judgment and Cross Motion for Summary Judgment (Doc. #26) as timely filed.

(2)     Defendants' Motion for Leave to Amend Response to Motion for Summary Judgment (Doc. #30) is **DENIED without prejudice.**

(3)     Defendants' Amended Response to Motion for Summary Judgment and Cross Motion for Summary Judgment (Doc. #31) is hereby striken.

(4)      Defendants shall have up to and including **October 22, 2010** to refile their response to Plaintiff's motion for summary judgment and cross motion (Doc. #26) as two separate pleadings.

(5)     Plaintiff shall have up to and including **November 8, 2010** to refile his response to Defendants' cross motion for summary judgment as a stand-alone pleading with no other requested relief.

**DONE AND ORDERED** at Fort Myers, Florida, this ___20th___ day of October, 2010.

*Sheri Polster Chappell*

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record