UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL ANDERSON,

       Plaintiff,

-vs-                Case No.  2:10-cv-111-FtM-36SPC

CITY OF NAPLES;
NAPLES POLICE DEPARTMENT;
RALPH ANTHONY,

       Defendants.

_____

**ORDER**

  This matter comes before the Court on Defendant's Motion to Compel (Doc. #48), filed on November 15, 2010.  The Plaintiff filed his Response in Opposition to Defendant's Motion to Compel (Doc #49) on November 17, 2010.  This motion is now ripe for review.

**Discussion**

  The Federal Rules of Civil Procedure allow discovery of any relevant, non-privileged material that is admissible or reasonably calculated to lead to admissible evidence.  Fed. R. Civ. P. 26(b)(1).  Courts interpret relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  Discovery requests are not only limited to the issues raised in the pleading, nor limited only to evidence that would be admissible at trial.  Id.  However, "discovery, like all matters of procedure, has ultimate and necessary boundaries."  Id. "Courts have long held that '[w]hile the standard of relevancy [in

discovery] is a liberal one, it is not so liberal as to allow a party to roam in the shadow zones of relevancy and to explore a matter which does not presently appear germane on the theory that it might conceivably become so.'" Henderson v. Holiday CVS, L.L.C., 2010 U.S. Dist. Lexis 80660 at *6 (S.D. Fla. Aug. 9, 2010) (quoting Food Lion, Inc. v. United Food & Commercial Workers Intern. Union, 103 F.3d 1007, 1012–13 (D.C. Cir. 1997)).

The Federal Rules state that, "[t]he party upon whom the request [for production] is served shall serve a written response within 30 days after the service of the request." Fed.R. Civ. P. 34(b). Likewise, a party upon whom interrogatories have been served has 30 days to respond either by filing answers or objections to the propounded interrogatories. Fed.R. Civ. P. 33(b). If the serving party does not receive a response to their interrogatories and request for production, then the serving party may request an order compelling disclosure. Fed.R. Civ. P. 37(a). Whether or not to grant the motion to compel is at the discretion of the trial court. Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion will be sustained absent a find of abuse of discretion to the prejudice of a party. Id.

The Defendant moves the Court to Compel Plaintiff to answer interrogatory numbers 2, 10, 12, and 13 of Defendant's First Set of Interrogatories. Defendant also moves the Court to Compel Plaintiff to produce documents for request number 1 of Defendant's First Request for Production.In addition, Defendant requests attorney's fees and for the Court to impose sanctions.

### *(1) Defendant's Interrogatory No. 2*

Interrogatory number 2 of Defendant's First Set of Interrogatories states:

> **List the names, business addresses, dates of employment, and rates of pay regarding all employment, including self-employment, for whom you have worked in the past 10 years.**

Plaintiff's response to interrogatory number 2 was:

2

> Objection – Unduly burdensome, vague, Plaintiff is unable to provide a full or accurate response for this question, as Plaintiff has not worked within the past three years (approximately), and prior to the three years of not working Plaintiff would not accurately or fully be able to name each individual person, or the cost of each individual job performed by the Plaintiff on a self-employed basis. This request is unreasonable, burdensome, oppressive and over-broad. The request is so broad and unlimited as to time and scope as to be an unwarranted annoyance and is calculated to annoy and harass Plaintiff. To comply with the request would be an undue burden and expense on the Plaintiff. Furthermore, personal financial information is within the zone of privacy.

(Doc. #48 at 2).

Regarding the Defendant's First Set of Interrogatories, Plaintiff's objections to interrogatory No. 2 are not well taken. The Court finds this interrogatory is NOT unreasonable, unduly burdensome, oppressive, or overbroad, nor will adequately replying to this interrogatory cause undue expense. The Court also finds this request is sufficiently limited in time and scope, and is not calculated to annoy and harass the Plaintiff. Further, by claiming damages in the form of loss to future income[1], the Plaintiff has made these matters subject to discovery, and inquiry into any matter which is relevant to the lost income claim, or inquiry which reasonably may lead to discovery of relevant matter as to the claim, is proper subject matter under Federal Rule of Civil Procedure 26 and 33. As such, the Motion to Compel a response to interrogatory No. 2 is due to be granted.

### *(2) Defendant's Interrogatory No. 10*

Interrogatory number 10 of Defendant's First Set of Interrogatories states:

---

[1] Interrogatory number 5 of Defendant's First Set of Interrogatories states, "Did you suffer any lost income as a result of the events alleged in the complaint? If so, please state the amount of income lost and the cause for the loss." Plaintiff responded:
> The actions of the Defendants caused substantial loss to future income to the Plaintiff, and the recording artist he was contractually obligated to represent. The actions of Defendant Ralph Anthony caused a breakage in the contractual and personal relationship between the Plaintiff and the artist, of which a substantial amount of time, effort and finances was invested. Defendant Ralph Anthony's actions destroyed years of work and investment, and caused a destruction of the relationships between significant important music industry contacts that the Plaintiff has spent two full years building and nurturing.

(Doc. #48-1).

3

> **List the names and business addresses of all other physicians, medical facilities, or other health care providers by whom or at which you have been examined or treated in the past 10 years, and state the dates of the examination or treatment and the condition or injury for which you were examined or treated.**

Plaintiff's response to interrogatory number 10 was:

> Objection – irrelevant to this action and unrelated to the issues in this litigation, unduly burdensome, overly broad. This discovery request seeks to discover Plaintiff's medical history and treatment in violation of privacy rights as afforded under the State of Florida Constitution.

(Doc. #48 at 3).

Regarding the Defendant's First Set of Interrogatories, Plaintiff's objections to interrogatory No. 10 are not well taken. The Court finds Defendant's interrogatory requesting disclosure of Plaintiff's medical history for the past ten years is not unduly burdensome, nor overbroad. Additionally, Plaintiff's medical records are highly relevant to the issues in this litigation, not only to claims of aggravation of prior injury[2], but also to the use of excessive force claim.[3] One of the factors in determining whether an officer used excessive force is "the extent of the injury inflicted." Hadley v. Gutierrez, 526 F.3d 1324, 1329 (11th Cir. 2008). With one of the factors being "the extent of the injury inflicted," and the Plaintiff's claim of prior back injuries, seeking information of past medical history is relevant and discoverable. As such, the Motion to Compel a response to interrogatory No. 10 is due to be granted.

### *(3) Defendant's Interrogatory No. 12*

Interrogatory number 12 of Defendant's First Set of Interrogatories states:

---

[2] In his response to interrogatory No. 8, Plaintiff stated, "Plaintiff is not making a claim for an original injury as Plaintiff has long suffered with permanent problems and damage from a previous injury to his back." Additionally, Plaintiff stated, "To be clear, the actions of Defendant Ralph Anthony did not cause the original injury; the actions of Ralph Anthony further aggravated the existing condition, causing the Plaintiff to seek treatment for pain. (Doc. #42-1).
[3] The officer caused "Plaintiff's back to become aggravated and damaged enough to cause the Plaintiff to seek medical treatment upon being booked in the County jail." (Doc. #8 at ¶ 54).

4

> **Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who heard it, and the date, time, place, and substance of each statement.**

Plaintiff's response to interrogatory number 12 was:

> Objection – overly broad, unduly burdensome, Plaintiff asserts privilege in that the information requested constitutes work product, or is otherwise privileged. Furthermore, this request is additionally asking for "hearsay" statements, furthermore, question is unduly burdensome and vague.

(Doc. #48 at 4).

Regarding the Defendant's First Set of Interrogatories, Plaintiff's objections to interrogatory No. 12 are not well taken. The Court findsthis interrogatory was not vague or overly broad, nor was it unduly burdensome. The Plaintiff is correct that this interrogatory may ask for hearsay statements; however, discoverable evidence is not limited only to what is admissible at trial. Discovery requests can seek hearsay statements as long as they are relevant, and statements or other information pertaining names and addresses of possible witnesses are relevant, non-privileged, and discoverable. Castle v. Sangamo Weston, Inc., 744 F.2d 1464, 1467 (11th Cir. 1984).In addition, when a party does intend to withhold information, otherwise discoverable, by claiming a privilege, such as work product, the party asserting the privilege must comply with Federal Rule of Civil Procedure 26 by filing a privilege log.[4]Failure to produce privilege log can result in waiver of the privilege.Pitts, 2008 U.S. Dist. Lexis 4189 at *13.As such, the Motion to Compel a response to interrogatory No. 12 is due to be granted.

*(4) Defendant's Interrogatory No. 13*

---

[4] For the requirements of a privilege log see Pitts v. Francis, 2008 U.S. Dist. Lexis 41894 at *13 (N.D. Fla. 2008) ("To preserve the privilege, the objecting party must provide a log or index of withheld materials that includes for each separate document, the authors and their capacities, the recipients (including copy recipients) and their capacities, the subject matter of the document, the purpose for its production, and a detailed, specific explanation of why the document is privileged or immune from discovery." (citing Universal City Dev. Partners, Ltd. V. Ride & Show Eng'g, 230 F.R.D. 688, 695 (M.D. Fla. 2005))).

Interrogatory number 13 of Defendant's First Set of Interrogatories State:

**Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and if so state whether you were the plaintiff or defendant, the nature of the action, and the date and the court in which the suit was filed.**

Plaintiff's response to interrogatory number 13 was:

Objection – Irrelevant, unrelated to the subject matter in this matter, information sought is not likely to lead to the discovery of admissible evidence.

(Doc. #48 at 5).

Regarding the Defendant's First Set of Interrogatories, Plaintiff's objections to interrogatory No. 13 are not well taken. Although not directly relevant, this information is discoverable because "evidence that Plaintiff may have a history of filing contrived lawsuits may be relevant to Plaintiff's credibility." Gutescu v. Carey Int'l., Inc., 2003 WL 25589038 at *2 (S.D. Fla. Aug. 29, 2003). Furthermore, there may be witnesses or other evidence relevant to the instant case in other pending lawsuits. As such, the Motion to Compel a response to interrogatory No. 13 is due to be granted.

*(5)  Defendant's Request for Production No. 1*

Production request number 1 of Defendant's First Requests for Production states:

**Please produce any and all medical records of Michael Anderson pertaining to events in the Complaint, including but not limited to records from any Hospital, medical facility, the Collier County Jail or any doctor for the last five years.**

Plaintiff's response to production request number 1 was:

See the enclosed document, NCH/Naples Community Hospital. Plaintiff has attempted to obtain records from the Collier County Jail, however the Plaintiff was refused access to those records. Anderson was assisted to the Jail clinic by two inmates upon his arrival, and was given either Tylenol or an equivalent. The jail could not or would not examine the Plaintiff any further or provide a better treatment as only nurses were available and Anderson would have had to be

> transported for x-rays ets, [*sic*] something the jail were either unable or unwilling to do.

(Doc. #48 at 6).

Regarding the Defendant's First Requests for Production, Plaintiff's response is inadequate. For the same reasons as above, the Plaintiff must disclose medical records pertaining to the events in the complaint. If the Plaintiff wishes to maintain any and all claims relating to personal injuries, the Plaintiff must complete the necessary medical releases allowing Defendant access to the medical records. As such, the Motion to Compel a response to request No. 1 is due to be granted.

*(6) Defendant's Request for Attorney Fees and Sanctions*

In addition to the Motions to Compel, Defendant also moves for attorney's fees and costs, and additional sanctions under Fed. R. Civ. P. 37(a)(4)(A). Under Rule 37, the Court may deny a request for expenses "if it determines that opposition to the motion was substantially justified or that other circumstances would make an award of expense[s] unjust." Reedy v. Lull Engineering Co., Inc., 137 F.R.D. 405, 409 (M.D. Fla. 1991). At this point in the proceedings, the Court does not find just cause that would require the Court to impose attorney's fees and/or sanctions.

Accordingly, it is now

**ORDERED**:

Defendant's Motion to Compel (Doc. #48) is **GRANTED** in part and **DENIED** in part.

1. Defendant's Motion to Compel answers to interrogatory numbers 2, 10, 12, and 13 of Defendant's First Set of Interrogatories is **GRANTED**. Plaintiff must fully and completely answer the above interrogatories by **December 6, 2010**.

2. Defendant's Motion to Compel answers to production request number 1 of Defendant's First Request for Production is **GRANTED**.  Plaintiff must fully and completely produce materials, documents, or information requested in the above mentioned request by **December 6, 2010**.

3. Defendant's request for Attorney Fees and Additional Sanctions is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this  22nd  day of November, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record