# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

MICHAEL ANDERSON,

        Plaintiff,

-vs-                                                         Case No.  2:10-cv-111-FtM-36SPC

CITY OF NAPLES; NAPLES POLICE
DEPARTMENT; RALPH ANTHONY,

        Defendants.

_____

## ORDER

        This matter comes before the Court on Defendants' Motion to Compel and Motion to Extend Discovery Deadline as to Frantz Adeclat (Doc. #63) filed on December 9, 2010.  Plaintiff *pro se* Michael Anderson filed his response in opposition on December 13, 2010 (Doc. #64).  Thus, the Motion is now ripe for review.

        Counsel for Defendants attempted to depose fact witness Frantz Adeclat on November 29, 2010.  From excerpts of the transcript, the Court sees that Plaintiff *pro se* Michael Anderson was also at the deposition "representing" Adeclat.  Anderson instructed Adeclat not to answer questions about a contract which Anderson and Adeclat entered into in 2004 which included a Confidentiality Agreement that neither party will discuss the terms of the contract.  Apparently Adeclat is a recording artist and Anderson is his manager.  Anderson claims that the Confidentiality Agreement "bars both the Plaintiff and Witness from disclosing the terms and details of the Contract to a third party."  (Doc. #64, at 5-6).  After the deposition was adjourned by Defense Counsel, Anderson apparently provided a heavily redacted copy of the contract to Defense Counsel.  Defendants now

move this Court to allow counsel to continue the deposition of Adeclat beyond the discovery cut-off date, which was December 2, 2010, and compel Adeclat to answer Defendants' questions.

The Federal Rules of Civil Procedure allow discovery of any relevant, non-privileged material that is admissible or reasonably calculated to lead to admissible evidence. Fed. R. Civ. P. 26(b)(1). Courts interpret relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

Plaintiff *pro se* has made claims in this case for violation of free speech, for false arrest, and for excessive force. An item of Plaintiff's damages is lost income. In response to Interrogatory Number 5, Plaintiff has claimed that "the actions of the Defendants caused substantial loss to future income to the Plaintiff, and the recording artist he was contractually obligated to represent." Because Anderson has put the issue of lost income into play in this case, Defendants are entitled to take discovery on his sources of income and explore the contractual arrangement he had with Adeclat. In fact, Plaintiff should have provided Defendants with a copy of this contract in discovery. Plaintiff is advised that he filed this lawsuit and he is required to cooperate in discovery. Discovery standards are very liberal. Defense counsel is free to ask any relevant question of Adeclat regarding the contract at issue and is entitled to an answer. Plaintiff may request that a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1)(F) or (G) be entered in this case that would protect the entire transcript or portions of the deposition that discuss the contract at issue.

Under Federal Rule of Civil Procedure 37(a)(3)(A)(i), "a party may move for an order compelling an answer . . . if a deponent fails to answer a question asked under Rule 30 or 31." The Court will allow the continuation of Adeclat's deposition beyond the discovery period. The Court

believes that it is necessary for the deposition to take place at the Federal Courthouse in Fort Myers, Florida on **January 5, 2011 at 9:00 a.m.** in a conference room adjacent to Courtroom 5D. From the transcript, the Court notes that Adeclat lives within the Middle District of Florida in Naples, Florida. The Court will be available during this time to address and resolve any disputes that may arise. Plaintiff is required to provide the Court with an <u>unredacted</u> copy of the contract between himself and Adeclat for *in camera* review by **December 29, 2010.**

Accordingly, it is now

**ORDERED:**

(1)     Defendants' Motion to Compel and Motion to Extend Discovery Deadline as to Frantz Adeclat (Doc. #63) is GRANTED. The continued deposition of Frantz Adeclat shall take place at the Federal Courthouse, 2110 First Street, Fort Myers, Florida, 33901 on **January 5, 2011 at 9:00 a.m.** in a conference room adjacent to Courtroom 5D. Adeclat, counsel for Defendants, and a court reporter are required to attend. Failure to appear could result in sanctions.

(2)     Plaintiff is required to provide the Court with an <u>unredacted</u> copy of the contract between himself and Adeclat for *in camera* review by **December 29, 2010.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___14th___ day of December, 2010.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record