## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

MICHAEL ANDERSON,

                Plaintiff,

-vs-                                      Case No.  2:10-cv-111-FtM-36SPC

CITY OF NAPLES; NAPLES POLICE
DEPARTMENT; RALPH ANTHONY,

                Defendants.

_____

## ORDER

        This matter comes before the Court on the Plaintiff Michael Anderson's Motion to Compel Defendant Ralph Anthony's Responses to Plaintiff's First Set of Interrogatories (Doc. #59) filed on December 2, 2010, and the Plaintiff Michael Anderson's Motion to Compel Production of Documents (Doc. # 60) filed December 2, 2010.  No response in opposition or objection has been filed by the Defendants and the time to do so has now expired.  Pursuant to M.D. Fla. Local Rule 3.01(b) which states in pertinent part "[e]ach party opposing a motion or application shall file within fourteen (14) days after service of the motion or application a response that includes a memorandum of legal authority in opposition to the request . . . ."  The fourteen days has passed and thus, the Court will address the Motions to Compel without benefit of a response.

        The Federal Rules state that, "[t]he party upon whom the request [for production] is served shall serve a written response within 30 days after the service of the request." Fed. R. Civ. P. 34(b). Likewise, a party upon whom interrogatories have been served has 30days to respond either by filing answers or objections to the propounded interrogatories. Fed. R. Civ. P. 33(b).  If the serving party does not receive a response to their interrogatories and request for production, then the serving party

may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the motion to compel is at the discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).

### *(1) Compel Interrogatories*

On November 16, 2010, the Plaintiff propounded his first set of interrogatories on the Defendants. The Plaintiff now moves the Court to Compel the Defendant to respond to his interrogatories.

The discovery deadline in this case expired on December 2, 2010, the Plaintiff did not allow the Defendant sufficient time to answer the interrogatories prior to the expiration of the discovery deadline. Pursuant to the Federal Rules of Civil Procedure, a party has thirty (30) days in which to respond to discovery. In this instance the discovery deadline expired before the interrogatory answers were due. Generally, discovery should be propounded at least thirty (30) days prior to the expiration of the discovery deadline to allow the respondent sufficient time to answer the interrogatories. Since the Plaintiff did not move the Court to enlarge the discovery deadline to allow the Defendant sufficient time to respond before the discovery deadline expired, the Motion is due to be denied.

Additionally, the Plaintiff moved to compel responses prior to the thirty (30) days allowed by Fed. R. Civ P. 33. As such, the Motion to Compel is also due to be denied as premature.

### *(2) Compel Production of Documents*

The Plaintiff made three (3) requests for production seeking Officer Anthony's Dash Cam video from his patrol vehicle; the telephone records from Officer Anthony's city issued cell phone; and 911 call records from the date of the Plaintiff's arrest and any associated logs.

*Dash Cam Video*

On June 14, 2010, the Plaintiff requested that the Defendant produce "[a]ll available dash cam video from Ralph Anthony's vehicle documenting all arrestees being transported to the jail by Ralph Anthony beginning January 15, 2007 through June 1, 2010." The Defendants responded that the request was overly broad, not reasonably calculated to lead to admissible evidence: Without waiving the objection, Defendant City of Naples would say that the dash cam video from the arrest of Plaintiff Anderson no longer exists."

The objection is well taken that the request is way overbroad and seeks material not relevant to the instant case. Further, the Defendant notes that the specific video dealing with the Plaintiff's arest no longer exists. Thus, the Motion to Compel is due to be denied.

On July 16, 2010, the Plaintiff propounded a request for production seeking "[a]ny and all available 'dash cam' video from the patrol vehicle by Defendant Ralph Anthony, specifically any video that show Ralph Anthony transporting any person to the Naples Jail upon their arrest. If the recordings are in some way too numerous to provide as copies to the Plaintiff, then please provide instead a date, time and placer [sic] where Plaintiff may inspect this material." The Defendant responded "[n]one in our possession."

If the Defendant does not have the requested materials there is nothing for the Court to Compel and the Motion is due to be denied.

*Telephone Records*

On June 14, 2010, the Plaintiff requested "the telephone records from Ralph Anthony's City-issued telephone, showing calls made and received between the dates of January 14, 2007 and

June 1, 2010." The Defendants responded that the request was "[o]verly broad, unduly burdensome, not related to admissible evidence. If the Plaintiff will narrow his request, Defendant will be happy to attempt to comply."

The Defendant's objection is well taken. The request is overly broad and not narrowly tailored to issues of this case. Thus, Motion is due to be denied.

The Plaintiff then submitted a revised request on July 16, 2010, asking for "[t]elephone records from Defendant Ralph Anthony's City-issued telephone showing calls made and/or received from the following telephone numbers: (239) 370-5820; (239) 377-1276; (239) 537-1153; (239) 821-2207; (239) 821-9623; (239) 262-6922; (239) 262-0503; (239) 289-7449; (239) 252-8941; and placed between the following dates-January 14th 2001 through April 14th 2007-August 1st 2009 though November 1, 2009-March 14th through July 16th 2010." The Defendant stated that Officer Anthony did not have a city cell phone from dates-January 14th 2001 through April 14th 2007, and that no phone calls were made or received from Officer Anthony's phone during the remaining specified dates. Thus, there are no records to produce responsive to the Plaintiff's request.

### *911 Phone Logs*

The Plaintiff requested "[r]ecordings of 911 calls received on January 15th 2007 between the hours of 11:30am. and 1:00pm., and any associated records or logs." The Defendant responded that all 911 calls are administered by the Collier County 911 system and that it has no records responsive to the request. Consequently, the Plaintiff's Motion to Compel Production is due to be denied as the Defendant answered the questions and has no records responsive to any of the Plaintiff's request.

Accordingly, it is now

**ORDERED:**

(1) The Plaintiff Michael Anderson's Motion to Compel Defendant Ralph Anthony's Responses to Plaintiff's First Set of Interrogatories (Doc. #59) is **DENIED**.

(2) The Plaintiff Michael Anderson's Motion to Compel Production of Documents (Doc. # 60) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___16th___ day of December, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record